UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DAD DELPHINE ALFRED DUNCAN FOUNDATION FOR THE DEAF AND HARD OF HEARING (aka DAD FOUNDATION FOR THE DEAF AND HARD OF HEARING); JASON PAULING; ZION WHITE; SHATIA TANKERSLEY; and DEANGELO SIMMONS; | Case No. _____ <br><br> Hon. _____ |
| Plaintiffs, <br><br> v. | |
| DELAWARE NORTH COMPANIES INCORPORATED; DELAWARE NORTH COMPANIES SPORTSERVICE, INC.; DETROIT SPORTSERVICE, INC.; DETROIT DISTRICT SPORTSERVICE, INC.; SPORTSERVICE FOOD SERVICE, INC.; DETROIT HOSPITALITY SPORTSERVICE, INC.; and WOODWARD SPORTSERVICE, INC.; | **COMPLAINT & JURY DEMAND** |
| Defendants. | |

_____/

John Philo (P52721)
Tony Paris (P71525)
Elizabeth R. Jacob (P86981)
SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, 2d Floor
Detroit, Michigan 48201
(313) 993-4505/Fax: (313) 887-8470
jphilo@sugarlaw.org
tparis@sugarlaw.org
ljacob@sugarlaw.org
**Attorneys for Plaintiffs**

_____/

1

**COMPLAINT AND JURY DEMAND**

NOW COME Plaintiffs, DAD DELPHINE ALFRED DUNCAN FOUNDATION FOR THE DEAF AND HARD OF HEARING, JASON PAULING, ZION WHITE, SHATIA TANKERSLEY, and DEANGELO SIMMONS by and through their attorneys, the SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE, and for their Complaint against the Defendants do hereby allege as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1. This lawsuit arises from Defendant's actions that discriminated against the Plaintiff DAD DELPHINE ALFRED DUNCAN FOUNDATION FOR THE DEAF AND HARD OF HEARING and its volunteers, Plaintiffs JASON PAULING, ZION WHITE, SHATIA TANKERSLEY, and DEANGELO SIMMONS, as the result of their being deaf and hard of hearing.

2. The discrimination arises from the actions of the Defendants and their failure to make reasonable accommodations in the work methods and operations of their concessions and during the training, management, and supervision of workers from nonprofit organizations that the Defendants recruit to staff food and beverage concession stations in Comerica Park during the major league baseball season.

2

## JURISDICTION AND VENUE

3. This action arises under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq*. and under the Persons with Disabilities Civil Rights Act, Act 220 of 1976, MCL § 37.1101, *et. seq*.

4. This court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1331 (federal question). This court has supplemental jurisdiction over the Plaintiffs' state law claim pursuant to 28 U.S.C §1367. The pendant state claim is part of the same case or controversy and does not predominate or raise novel or complex issues.

5. Venue is proper pursuant to 28 U.S.C. §1391, since the events giving rise to this action occurred in this district and both the Plaintiffs and the Defendants reside or are located within this District.

## PARTIES

6. Plaintiff DAD DELPHINE ALFRED DUNCAN FOUNDATION FOR THE DEAF AND HARD OF HEARING (hereafter "DAD FOUNDATION") is a Michigan nonprofit corporation with its registered address in the City of Detroit, Wayne County, Michigan.

7. Plaintiff JASON PAULING was a volunteer for the DAD Foundation. He is deaf and/or hard of hearing. Plaintiff PAULING is a citizen of the United States and a resident of the City of Detroit, Wayne County, Michigan.

8. Plaintiff ZION WHITE was a volunteer for the DAD Foundation. He is deaf and/or hard of hearing. Plaintiff WHITE is a citizen of the United States and a resident of the City of Detroit, Wayne County, Michigan.

9. 7. Plaintiff SHATIA TANKERSLEY was a volunteer for the DAD Foundation. She is deaf and/or hard of hearing. Plaintiff TANKERSLEY is a citizen of the United States and a resident of the City of Detroit, Wayne County, Michigan.

10. The Plaintiff DEANGELO SIMMONS was a volunteer for the DAD FOUNDATION. He is deaf and/or hard of hearing. Plaintiff SIMMONS is a citizen of the United States and a resident of the City of Detroit, Wayne County, Michigan.

11. Defendant DELAWARE NORTH COMPANIES, INCORPORATED is and was, at all times material hereto, a Delaware corporation registered to do business in the State of Michigan. The Defendant DELAWARE NORTH COMPANIES, INCORPORATED does business in the City of Detroit, Wayne County, Michigan.

12. Defendant DELAWARE NORTH COMPANIES SPORTSERVICE, INC. is a New York corporation registered to do business in the State of Michigan. The Defendant DELAWARE NORTH COMPANIES SPORTSERVICE, INC. does business in the City of Detroit, Wayne County, Michigan.

13. Defendant DETROIT SPORTSERVICE, INC. is incorporated and registered to do business in the State of Michigan. The Defendant DETROIT

4

SPORTSERVICE, INC. does business in the City of Detroit, Wayne County, Michigan.

14. Defendant DETROIT DISTRICT SPORTSERVICE, INC. is a Delaware corporation registered to do business in the State of Michigan. The Defendant DETROIT DISTRICT SPORTSERVICE, INC. does business in the City of Detroit, Wayne County, Michigan.

15. Defendant SPORTSERVICE FOOD SERVICE, INC. is a Delaware corporation registered to do business in the State of Michigan. The Defendant SPORTSERVICE FOOD SERVICE, INC. does business in the City of Detroit, Wayne County, Michigan.

16. Defendant DETROIT HOSPITALITY SPORTSERVICE, INC. is a Delaware corporation registered to do business in the State of Michigan. The Defendant DETROIT HOSPITALITY SPORTSERVICE, INC. does business in the City of Detroit, Wayne County, Michigan.

17. Defendant WOODWARD SPORTSERVICE, INC. is a Delaware corporation registered to do business in the State of Michigan. The Defendant WOODWARD SPORTSERVICE, INC. does business in the City of Detroit, Wayne County, Michigan.

**COMMON FACTS**

18. The Plaintiff DAD FOUNDATION is a nonprofit organization committed to helping members of the deaf and hard of hearing community acquire the resources, services, and opportunities they need to prosper in a hearing society.

19. The Detroit-Wayne County Stadium Authority (hereafter "DWCSA") owns Comerica Park and leases the stadium to the Detroit Tigers, Inc. (hereafter "Detroit Tigers").

20. The Detroit Tigers own and operate a professional baseball team that plays its home games at Comerica Park.

21. The Defendants DELAWARE NORTH COMPANIES INCORPORATED, DELAWARE NORTH COMPANIES SPORTSERVICE, INC., DETROIT SPORTSERVICE, INC., DETROIT DISTRICT SPORTSERVICE, INC., SPORTSERVICE FOOD SERVICE, INC., and DETROIT HOSPITALITY SPORTSERVICE, INC., and WOODWARD SPORTSERVICE, INC. (hereafter "DELAWARE SPORTSERVICE") own, manage, and operate food and beverage concessions at sports stadiums and arenas.

22. The Defendants DELAWARE SPORTSERVICE lease space from and/or have contracts with the DWCSA and/or the Detroit Tigers. The lease agreements and/or contracts grant Defendants DELAWARE SPORTSERVICE the right to operate concession stations and sell food and beverages in Comerica Park.

23. The Defendants DELAWARE SPORTSERVICE established and maintain a program whereby it recruits nonprofit organizations to provide unpaid volunteers to staff the Defendants' concession stations at Comerica Park and other venues. In the past, the Plaintiffs participated in the Defendants' program.

24. In exchange for providing persons to work at the concession stations, the Defendants DELAWARE SPORTSERVICE make donations to sponsoring nonprofit organizations.

25. At the beginning of the 2023 major league baseball season, Defendants DELAWARE SPORTSERVICE contacted nonprofit organizations to provide volunteers to staff concession stations in Comerica Park.

26. The Defendants DELAWARE SPORTSERVICE contacted the Plaintiff DAD FOUNDATION and invited the organization to attend the necessary trainings for volunteers.

27. The Plaintiff DAD FOUNDATION sought to participate in the Defendants' nonprofit organization program at the outset of the 2023 baseball season.

28. The Plaintiff DAD FOUNDATION's officers and volunteers, including the Plaintiffs' JASON PAULING, ZION WHITE, SHATIA TANKERSLEY, and DEANGELO SIMMONS completed the trainings provided by the Defendants DELAWARE SPORTSERVICE.

7

29. Upon inquiry, the Defendants DELAWARE SPORTSERVICE informed the Plaintiff DAD FOUNDATION that the nonprofit would have to provide its own sign language interpreters to communicate instructions to the organization's volunteers and that the Defendants DELAWARE SPORTSERVICE had no accommodations at its concession stations for the deaf or hard of hearing.

30. Despite knowing that the Plaintiffs are deaf and hard of hearing, the Defendants DELAWARE SPORTSERVICE did not provide any accommodations for the Plaintiffs during the trainings.

31. After Plaintiffs completed the trainings, the Defendants DELAWARE SPORTSERVICE assigned the Plaintiff DAD FOUNDATION to a concession station and its volunteers began working in spring 2023.

32. The Defendants did not provide any accommodations at the concession station for volunteers who are deaf and/or hard of hearing, including but not limited to signage to inform customers how to order and communicate with the volunteers.

33. During each home game, the Defendants DELAWARE SPORTSERVICE assigned supervisors to oversee the work of the Plaintiff DAD FOUNDATION's volunteers. Each of the supervisors were stationed near the concession station throughout the baseball game. None of the supervisors were trained in communicating with the deaf and hard of hearing and none provided any accommodations to the Plaintiffs in the supervision and/or management of the work.

8

34. On or about June 20, 2023, the Defendants DELAWARE SPORTSERVICE sent a secret shopper to purchase food and/or beverage items from the concessions station that was staffed by the Plaintiffs.

35. The Defendants DELAWARE SPORTSERVICE's secret shopper made no accommodations for the Plaintiffs or similarly situated persons who are deaf or hard of hearing.

36. The Defendants' secret shopper spoke with DAD FOUNDATION's volunteers, including but not limited to the Plaintiffs JASON PAULING, ZION WHITE, SHATIA TANKERSLEY, and DEANGELO SIMMONS, and treated the volunteers as though they had no hearing impairment whatsoever and refused to accommodate their conditions when ordering, asking questions, paying, and otherwise communicating with the volunteers.

37. As a result, significant miscommunication, communication breakdowns, and resulting emotional exchanges occurred between the Defendants' secret shopper and the Plaintiffs.

38. As a result of the exchange with the Defendant DELAWARE SPORTSERVICE's secret shopper, the Defendants discharged the Plaintiffs and otherwise banned the Plaintiffs from participating in the nonprofit program.

39. The resulting ban has caused a significant loss of revenue to the Plaintiff DAD FOUNDATION and caused significant mental anguish and emotional

9

distress to the Plaintiffs JASON PAULING, ZION WHITE, SHATIA TANKERSLEY, and DEANGELO SIMMONS.

## COUNT I
## DISCRIMINATION UNDER
## TITLE II OF THE AMERICANS WITH DISABILITIES ACT

40. Plaintiffs incorporate by reference the preceding paragraphs 1 to 39, as though fully stated herein.

41. Plaintiffs bring this claim pursuant to Title III of the American with Disabilities Act, 42 U.S.C. §12181, *et. seq*.

42. Defendants own, lease, and/or operate places of public accommodations and are proper Defendants for purposes of Title III of the American with Disabilities Act, 42 U.S.C. §12181.

43. Title III of the American with Disabilities Act, 42 U.S.C. §12182, prohibits Defendants from discriminating against the Plaintiff DAD FOUNDATION because their volunteers are deaf and hard of hearing and against the Plaintiffs JASON PAULING and DEANGELO SIMMONS because they are deaf and hard of hearing.

44. The Defendants discriminated against the Plaintiff DAD FOUNDATION because their volunteers are deaf and hard of hearing and against the Plaintiffs JASON PAULING, ZION WHITE, SHATIA TANKERSLEY, and DEANGELO SIMMONS.

45. The Defendants discriminated against the Plaintiffs by denying them a fair opportunity to participate in the Defendants' nonprofit organizations program at Comerica park.

46. Title III of the American with Disabilities Act requires the Defendants to reasonably accommodate the conditions of the volunteers of the Plaintiff DAD FOUNDATION, and of Plaintiffs JASON PAULING, ZION WHITE, SHATIA TANKERSLEY, and DEANGELO SIMMONS, including their being deaf and hard of hearing.

47. Reasonable accommodation includes but is not limited to, providing sign language interpreters at trainings; establishing appropriate methods for customers, supervisors, and secret shoppers to communicate with deaf and hard of hearing volunteers; establishing appropriate work methods for deaf and hard of hearing volunteers to communicate with the public, supervisors, and secret shoppers; and appropriate signage at concession stations to facilitate communication between members of the public and deaf and hard of hearing volunteers.

48. As a result of the above-stated policies, practices, and conduct of Defendants, Plaintiffs were denied an ability to participate in programs or activities for which Defendants are responsible.

49. The foregoing acts or omissions, and each of them, were a direct and proximate cause of ongoing injuries and damages to the Plaintiffs.

11

50. As a result of the forgoing acts and omissions of Defendants, Plaintiffs are entitled to declaratory relief and appropriate injunctive relief together with costs, and attorney fees.

**COUNT II
DISCRIMINATION UNDER
PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**

51. Plaintiff incorporates by reference the preceding paragraphs 1 to 48, as though fully stated herein.

52. Plaintiffs bring this claim pursuant to the Persons with Disabilities Civil Rights Act, Act 220 of 1976, MCL § 37.1101, *et. seq*.

53. Defendants own, lease, and/or operate places of public accommodations and are proper Defendants for purposes of the Persons with Disabilities Civil Rights Act, Act 220 of 1976, MCL § 37.1301.

54. The Persons with Disabilities Civil Rights Act, Act 220 of 1976, MCL §§ 37.1102 and 37.1302 prohibit Defendants from discriminating against the Plaintiff DAD FOUNDATION because their volunteers are deaf and hard of hearing and against the Plaintiffs JASON PAULING, ZION WHITE, SHATIA TANKERSLEY, and DEANGELO SIMMONS because they are deaf and hard of hearing.

55. The Defendants discriminated against the Plaintiff DAD FOUNDATION because their volunteers are deaf and hard of hearing and against

12

the Plaintiffs JASON PAULING, ZION WHITE, SHATIA TANKERSLEY, and DEANGELO SIMMONS.

56. The Defendants discriminated against the Plaintiffs by denying them a full and equal opportunity to participate in the Defendants' nonprofit organizations program at Comerica park.

57. The Persons with Disabilities Civil Rights Act requires the Defendants to reasonably accommodate the conditions of the volunteers of the Plaintiff DAD FOUNDATION, and of Plaintiffs JASON PAULING, ZION WHITE, SHATIA TANKERSLEY, and DEANGELO SIMMONS, including their being deaf and hard of hearing.

58. Reasonable accommodation includes but is not limited to, providing sign language interpreters at trainings; establishing appropriate methods for customers, supervisors, and secret shoppers to communicate with deaf and hard of hearing volunteers; establishing appropriate work methods for deaf and hard of hearing volunteers to communicate with the public, supervisors, and secret shoppers; and appropriate signage at concession stations to facilitate communication between members of the public and deaf and hard of hearing volunteers.

59. As a result of the above-stated policies, practices, and conduct of Defendants, Plaintiffs were denied an ability to fully and equally participate in programs or activities for which Defendants are responsible.

13

60. The foregoing acts or omissions, and each of them, were a direct and proximate cause of ongoing injuries and damages to the Plaintiffs.

61. As a result of the forgoing acts and omissions of Defendants, Plaintiffs are entitled to monetary damages, declaratory relief, and appropriate injunctive relief together with costs and attorney fees.

## JURY DEMAND

62. Plaintiffs demand a trial by jury in this matter.

WHEREFORE, Plaintiffs, pray this Honorable court enter Judgment against Defendants providing:

    a. Declaratory relief holding that the Defendants' failure provide reasonable accommodations to deaf and hard of hearing persons is unlawful under Title III of the ADA and under the Persons with Disabilities Civil Rights Act;

    b. Injunctive relief prohibiting the Defendants from failing to provide reasonable accommodations to deaf and hard of hearing persons allowing them to fully participate in the nonprofit organization program at Comerica park;

    c. Declaratory and injunctive relief declaring the Defendants ban of the Plaintiffs from participation in the nonprofit organizations' program is unlawful under Title III of the ADA and under the Persons with Disabilities Civil Rights Act;

    d. Compensatory damages jointly and severally against the Defendants, in whatever amount is fair, just, and equitable for the injuries and damages so wrongfully sustained by Plaintiffs;

    e. Interest, costs, and attorney fees; and

    f. Further relief as is just and equitable.

          Respectfully submitted,

/s/  John C. Philo
John C. Philo (P52721)
SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL
JUSTICE
Attorney for Plaintiff
4605 Cass Avenue, 2nd Floor
Detroit, Michigan 48201
(313) 993-4505/Fax: (313) 887-8470
jphilo@sugarlaw.org

Date:  October 8, 2024